UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ALAIN E. KALOYEROS,

                                             Plaintiff,

-against-

GELEST, INC. and MITSUBISHI CHEMICAL
AMERICA, INC.

                                             Defendants.

_____

Index No.1:26-cv-57 (AMN/PJE)

**VERIFIED COMPLAINT**

Plaintiff, ALAIN E. KALOYEROS, by his attorneys, Hodgson Russ LLP, for his Verified

Complaint herein, alleges as follows:

### PARTIES

1.      Plaintiff ALAIN E. KALOYEROS resides at 203 Forest Haven Drive in Slingerlands, New York.

2.      Defendant GELEST, INC. ("Gelest"), formerly known as and/or still doing business as Gelest Technologies, Inc., is a corporation organized under the laws of the Commonwealth of Pennsylvania, with offices at 11 East Steel Road, Morrisville, Pennsylvania 19067.

3.      Defendant MITSUBISHI CHEMICAL AMERICA, INC. ("Mitsubishi") is a foreign business corporation with its principal place of business located at 9115 Harris Corners Parkway, Suite 300, Charlotte, North Carolina 28269.

4.      Mitsubishi acquired Gelest on or around October 1, 2020. Consequently, Gelest is a wholly-owned subsidiary of Mitsubishi.

68492445v1

5.      Defendants are in the business of manufacturing silicones, organosilanes, and metal-organics to boost innovation in medical devices, microelectronics, and life sciences.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this controversy based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

7.      The amount in controversy exceeds the sum specified by 28 U.S.C. §1332, exclusive of interest and costs.

8.      Venue is proper in the Northern District of New York pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PRELIMINARY STATEMENT/OVERVIEW

9.      Plaintiff seeks monetary damages in excess of ten million ($10,000,000.00) dollars from Defendants on breach of contract and breach of implied duty of good faith and fair dealing grounds, and equitable relief in the form of specific performance going forward, due to Defendants' failure to undertake any efforts to commercialize Plaintiff's technologies arising from his inventions of processes for chemical vapor deposition ("CVD"), pulsed CVD, and atomic layer deposition ("ALD").

10.      CVD, pulsed CVD, and ALD are chemical vapor deposition methods whereby chemical sources and other gases are reacted to form a thin film onto a substrate, offering precise control over complex materials like metals, nitrides, carbides, and oxides for electronics, optics, and green energy ("the Inventions").

68492445v1

**FACTS**

11.     On November 1, 2016, Plaintiff and Gelest entered into an Independent Contract Services Agreement (the "Services Agreement"). The Services Agreement provides, in relevant part:

> 1.     Independent Contractor.  Subject to the terms and conditions of this Agreement, the Company hereby engages Independent Contractor as a scientific consultant for the purpose of developing new products and technologies, improving existing products and technologies, authoring scholarly works and performing other related functions.
>
> ***
>
> b.     Inventions.
>
> i.     Fabrication and Applications Technology.  All inventions of the class that includes fabrication and applications of materials technology that result from the performance by Independent Contractor of his duties under this Agreement ("Fabrication and Applications Technology") shall be jointly owned by both Independent Contractor and Company on a 50/50 basis. Independent Contractor by this Agreement assigns Independent Contractor's 50% ownership rights to Company. *Both parties agree to negotiate in good faith to share any profits derived from the manufacture, sale and/or license of such Fabrication and Inventions Technology, including considering costs offsets incurred by either Party, including the recovery of costs associated with patent filing, prosecution and maintenance.*
>
> ***
>
> 17.     Governing Law.  This Agreement will be governed by and interpreted in accordance with the laws of the Commonwealth of Pennsylvania, without giving effect to its principles governing conflicts of law.  The prevailing party shall be entitled to recover its reasonable attorneys' fees and costs incurred in connection with any action or proceeding arising out of or related to this Agreement.

68492445v1

*See* Services Agreement at pages 1, 2 and 4 (*emphasis added*).

12. On September 15, 2020, Plaintiff and Gelest also entered into an IP Revenue Sharing Agreement (the "Revenue Sharing Agreement"). The relevant terms of the Revenue Sharing Agreement are:

> WHEREAS, Barry C. Arkles, an individual residing at 226 East Dark Hollow Road, Pipersville, Pennsylvania 18947 ("Inventor Arkles") and Inventor Kaloyeros have together created processes for pulsed thin film deposition (referred to herein as "the Invention"), which resulted in a U.S. provisional patent application filed on April 2, 2019 with the U.S. Patent and Trademark Office ("USPTO") as U.S. Application No. 62/828,085 ("the '085 application") and a U.S. non-provisional patent application filed on January 9, 2020 with the USPTO as U.S. Application No. 16/738,641 (referred to herein as "the pending patent application"), claiming priority to the '085 application;
>
> WHEREAS, Inventor Arkles has assigned all Intellectual Property rights associated with the Invention to Gelest; and
>
> WHEREAS, this Agreement supersedes the agreement previously executed by the Parties on April 30, 2019.
>
> NOW THEREFORE in consideration of the mutual promises and covenants set out in the Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Parties mutually agree as follows:
>
> 1. All of the costs and expenses associated with advertising, marketing, and promoting of the Invention will be borne by Inventor Kaloyeros.
>
> 2. All of the costs and expenses associated with filing and prosecuting the pending patent application and any and all patent applications related thereto including, but not limited to, all other non-provisionals, divisionals, continuations, continuations-in-part, substitutes, reexaminations, reissues, PCT applications and all other applications for patent which have been or shall be filed in the United States and all foreign countries on the Invention, including all maintenance fees, annuities or renewal fees, shall be borne by Inventor Kaloyeros.

> 3. *All proceeds arising from the Invention, after deducting all of the costs and expenses set forth in paragraphs 1 and 2, shall be divided equally between Gelest and Inventor Kaloyeros.*

*See* the Revenue Sharing Agreement at page 1 (*emphasis added*).

13. Upon entering into the Services Agreement and Revenue Sharing Agreement, there was mutual assent or a meeting of the minds between the parties, in keeping with the terms of these contracts, that both parties would undertake, in good faith, their best efforts to commercialize the Inventions, such that the mutual goal to "share any profits" (*supra* at ¶ 10) or share "[a]ll proceeds arising from the Invention" (*supra* at ¶ 11) could and would be realized.

14. At all relevant times since 2016, Plaintiff has satisfied his obligation in this regard by undertaking his best efforts in good faith to commercialize the Inventions, materializing so far in 21 patents since 2021.

15. Defendants, on the other hand, have admittedly undertaken no efforts at all to date to commercialize the Inventions, despite Plaintiff's repeated due demands for same, in breach of their reciprocal obligations under the Services Agreement and Revenue Sharing Agreement to match Plaintiff's best efforts in this regard

16. As a result, Plaintiff has suffered damages warranting a judgment in Plaintiff's favor against Defendants in an amount exceeding ten million ($10,000,000.00) dollars, comprised principally of lost revenue from the Inventions, that would have otherwise been realized by now, based on the financial performance of similar technologies, had Defendants upheld their contractual and common-law obligations to act in good faith by undertaking their best efforts.

17. Plaintiff is entitled to equitable relief in the form of specific performance such that the Court enforces the subject contracts, resulting in Defendants' best efforts going forward to commercialize the inventions.

68492445v1

## FIRST CAUSE OF ACTION AGAINST BOTH DEFENDANTS
### (Breach of Contract)

18.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 17 of his Verified Complaint with full force and effect as if set forth at length herein.

19.     By reason of the foregoing, Defendants are indebted to Plaintiff in an amount exceeding 10 million ($10,000,000.00) dollars, or an amount to be proven at trial, plus statutory interest accruing since the date of the initial breach, and legal fees incurred pursuing this amount.

## SECOND CAUSE OF ACTION AGAINST BOTH DEFENDANTS
### (Breach of Duty of Good Faith and Fair Dealing)

20.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 of his Verified Complaint with full force and effect as if set forth at length herein.

21.     Both New York and Pennsylvania law impose an implied duty of good faith and fair dealing on all parties to a contract. This duty requires each contracting party to refrain from doing anything that may have the effect of destroying or injuring the other party's rights to receive benefits under the contract.

22.     This duty includes an affirmative promise to abide by any promises that a reasonable party would be justified in expecting under the contract.

23.     Here, the Services Agreement and Revenue Sharing Agreement were entered into in New York and/or Pennsylvania, and the Services Agreement provides that Pennsylvania law governs its terms. *Supra* at ¶¶ 11-12.

24.     These contracts incorporate Defendants' covenant of good faith and fair dealing in the course of its performance of their obligations under the contracts.

25.     Defendants breached this covenant by inducing Plaintiff to work tirelessly for many years in furtherance of the commercialization of the Inventions, with the goal of generating

68492445v1

substantial revenue from these Inventions to share among the parties and, thus, mutually benefit both parties.

26.     Defendants induced Plaintiff in this fashion into the subject contracts under the pretense that Defendants would match Plaintiff's best efforts in the exercise of good faith.

27.     Yet Defendants failed to honor their end of the bargain in this regard, and unabashedly so at that, given their admission to undertaking no efforts whatsoever to commercialize the Inventions.

28.     This breach of their implied duty of good faith and fair dealing resulted in damages to Plaintiff in an amount to be determined at trial but not less than ten million ($10,000,000.00) dollars, plus accruing statutory interest from the date of Defendants' initial breach, as well as Plaintiff's attorneys' fees, costs and disbursements incurred prosecuting this action.

### THIRD CAUSE OF ACTION AGAINST BOTH DEFENDANTS
### (Specific Performance)

29.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of his Verified Complaint with full force and effect as if set forth at length herein.

30.     Plaintiff is ready, willing, and able to continue performing under the Services Agreement and Revenue Sharing Agreement with Defendants and, in turn, persist with his best efforts in good faith to commercialize the Inventions, which are unique and highly specialized.

31.     Plaintiff has fulfilled all his duties and obligations under these agreements.

32.     Plaintiff's efforts, however, are in vain, without matching efforts by Defendants, and a good-faith desire by Defendants to commercialize the Inventions, since Defendants own and control the intellectual property rights to these Inventions. *Supra* at ¶ 12.

33.     Since the agreements between the parties involve unique and highly specialized Inventions,  Plaintiff has no adequate remedy at law.

34.     As a result, Plaintiff is entitled to judgment against Defendants for specific performance of the Services Agreement and Revenue Sharing Agreement such that, going forward, Defendants are Court-ordered to undertake their best efforts in good faith, like Plaintiff, to commercialize the Inventions, pursuant to their agreements to this effect.

**WHEREFORE**, Plaintiff demands judgment and equitable relief in the form of specific performance against Defendants under breach of contract and breach of implied duty of good faith and fair dealing principles in the amount of not less than ten million ($10,000,000.00) dollars, plus accruing statutory interest from the initial date of breach and legal fees, including attorneys' fees, costs and disbursements pursuing this relief, along with any other further relief as the Court deems just and proper under the circumstances.

Dated:  Albany, New York
      January 9, 2026

**HODGSON RUSS** LLP
*Attorneys for Plaintiff*
*ALAIN E. KALOYEROS*

By: */s/ Christian J. Soller*
Christian J. Soller
677 Broadway, Suite 401
Albany, New York 12207
Telephone: 518.433.2445

68492445v1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ALAIN E. KALOYEROS,

                               Plaintiff,

   -against-

GELEST, INC. and MITSUBISHI CHEMICAL
AMERICA, INC.

                             Defendants.

_____

Index No. _____

**VERIFICATION**

       ALAIN E. KALOYEROS hereby makes the following affirmation under penalty of perjury, which I understand may include a fine or imprisonment, and I also understand that this document may be filed in an action or proceeding in a court of law:

       1.     I am the named Plaintiff in this lawsuit. I have read the annexed Complaint and know its contents. The document is true to the best of my knowledge.

DATED:      January 9, 2026
                 Slingerlands, New York

_____
         ALAIN E. KALOYEROS