UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALAIN E. KALOYEROS,

                              Plaintiff,

   -against-

GELEST, INC. and MITSUBISHI CHEMICAL AMERICA, INC.

                              Defendants.

---

Civ. No. 1:26-cv-57 (AMN/PJE)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO FILE COMPLAINT AND UNDER SEAL

Dated:   January 9, 2026

**HODGSON RUSS** LLP
*Attorneys for Plaintiff*
*ALAIN E. KALOYEROS*

By: */s/ Christian J. Soller*
Christian J. Soller
677 Broadway, Suite 401
Albany, New York 12207
Telephone: 518.433.2445
Email: cjsoller@hodgsonruss.com

## TABLE OF CONTENTS

**PAGE (S)**

TABLE OF AUTHORITIES ................................................................................................................II
PRELIMINARY STATEMENT ........................................................................................................ 1
STATEMENT OF FACTS ................................................................................................................. 1
ARGUMENT ..................................................................................................................................... 1

## **TABLE OF AUTHORITIES**

**PAGE(S)**

**Federal Cases**

*Grandinetti v. Tashjian*,
    2005 WL 2663130 (N.D.N.Y. 2025) ................................................................................. 1, 2

*Lugosch v. Pyramid Corporation of Onondaga County*,
    435 F.3d 110 (2d Cir. 2006) ............................................................................................. 1

*United States v. Amodeo*,
    44 F.3d 141 (2d Cir. 1995) ............................................................................................... 1

*United States v. Amodeo*,
    71 F.3d 1044 (2d Cir. 1995) .......................................................................................... 1, 2

## PRELIMINARY STATEMENT

Plaintiff ALAIN E. KALOYEROS seeks a Court Order pursuant to Local Rule 5.3 permitting him to file his Complaint under seal, or denying the application and, in turn, authorizing Plaintiff to publicly file his Complaint asserting, *inter alia*, breach of contract claims against Defendants GELEST, INC. and MITSUBISHI CHEMICAL AMERICA, INC.

## STATEMENT OF FACTS

The Court is respectfully referred to the accompanying Declaration in Support of Christian J. Soller ("Soller Dec.") for the relevant facts and circumstances underlying this application.

## ARGUMENT

**A Court Order either sealing the Complaint or denying the seal application is warranted.**

As the Court aptly explained in *Grandinetti v. Tashjian*, 2005 WL 2663130 (N.D.N.Y. 2025):

> Rule 5.3 of the Local Rules of Practice for the Northern District of New York requires a "party seeking to have a document, a portion of a document, a party or an entire case sealed bears the burden of filing an application setting forth the reason(s) that the referenced material should be sealed under the governing legal standard." Courts in the Second Circuit use a three-step process to determine whether a document may be sealed. *See Lugosch v. Pyramid Corporation of Onondaga County*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, the court must determine whether the documents are "judicial documents" to which a presumption of access attaches. *Id*. at 119. A "judicial document" is a document which is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Second, if the subject documents are judicial documents, the court must then determine the weight of presumption of access. *Lugosch*, 435 F.3d at 119. The presumption of access is stronger when the document at issue involves the adjudication of the litigants' substantive rights. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). The presumption weakens "where the filing with the court is unusual or generally under seal." *Id*. at 1050. Third, the court balances "competing considerations" against the weight of presumption of access. *Lugosch*, 435 F.3d at 120. Such considerations include "the danger of impairing law enforcement or

judicial efficiency" and "the privacy interests of those resisting disclosure." *Amodeo*, 71 F.3d at 1051.

*Id*. at *7.

Here, judicial documents or the adjudication of substantive rights are not at issue. Rather, documents that, in Defendants' view, bear on their business "privacy interests" are at issue, thus their position "resisting disclosure." *Supra*; *see also* Soller Dec. at ¶ 5.

Plaintiff disagrees with Defendants' position. *See* Soller Dec. at ¶ 4. However, he takes no position with respect to this application. *Id.* at ¶¶ 4-6. Meaning, Plaintiff is amenable to either litigating this matter under seal or publicly. *Id.* at ¶6. In doing so, however, he seeks to avoid exposing himself to a counterclaim for breaching the confidentiality term of his agreements with Defendants, however frivolous such a counterclaim may be (it would be). *Id*. at ¶5.

Against this backdrop, a Court Order either granting or denying this seal application is warranted.

Dated: Albany, New York
January 9, 2025

Respectfully submitted,

**HODGSON RUSS** LLP
*Attorneys for Plaintiff*
*ALAIN E. KALOYEROS*

By: */s/ Christian J. Soller*
Christian J. Soller
677 Broadway, Suite 401
Albany, New York 12207
Telephone: 518.433.2445
Email: cjsoller@hodgsonruss.com